UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| PAT TARWATER, JR., Petitioner, | ) | |
| v. | ) | No. 2:26-cv-00536-JPH-MG |
| STATE OF INDIANA, Respondent. | ) | |

**ORDER TO SHOW CAUSE**

On July 23, 2026, Pat Tarwater, Jr., filed a petition for a writ of habeas corpus. Dkt. 1. A preliminary review of the petition and public records shows Mr. Tarwater is not in custody, so this Court lacks jurisdiction over his petition. In the alternative, Mr. Tarwater's claims are unexhausted.

**A. The Petition**

Mr. Tarwater states he is the "Chief Executive Officer, New World Order DAO" and "Chief Executive Officer, New World Order Health and Wellbeing." Dkt. 1 at 6. Mr. Tarwater challenges his guilty plea in a Vigo County criminal case on the basis that his public defender failed to conduct a proper investigation, he was declared insane without a proper competency evaluation, and he was coerced into accepting a plea agreement. *Id.* Mr. Tarwater "now seeks relief due to constitutional violations that materially affected the outcome of the proceedings." *Id.*

Mr. Tarwater does not reference a case number, but the Court takes judicial notice of the case summary in Indiana case number 84D01-2505-F6-

001547, available at mycase.in.gov, which reflects that Mr. Tarwater was charged with impersonation of a public servant and disorderly conduct on May 9, 2025.[1] Mr. Tarwater pleaded guilty on May 13, 2026, to impersonation of a public servant, a Level 6 felony. Mr. Tarwater withdrew his plea agreement, and he subsequently pleaded guilty to disorderly conduct as a misdemeanor on July 23, 2026. That day, the sentencing court imposed a sentence of 148 days and found that with credit time, "the sentence is fully served."

Mr. Tarwater filed the instant habeas petition in this Court the same day he was sentenced in case 84D01-2505-F6-001547.

**B. Rule 4 Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

This action must be dismissed for lack or jurisdiction. A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). "Federal courts have jurisdiction over a habeas petition only if the petitioner is 'in custody pursuant to the judgment of a State court.'" *Stanbridge v. Scott*, 791 F.3d 715, 718 (7th Cir. 2015) (citing 28 U.S.C. § 2254(a) and *Maleng*

[1] While there are other cases from Vigo County, including several traffic violations and one felony case that was resolved in 2020, the Court infers from the nature of Mr. Tarwater's claims that he is referring to case number 84D01-2505-F6-001547.

*v. Cook,* 490 U.S. 488, 490 (1989)). This means that "the petitioner must be '"in custody" *under the conviction or sentence under attack* at the time his petition is filed.'" *Stanbridge*, 791 F.3d at 718 (quoting *Maleng*, 490 U.S. at 490–91) (emphasis in original).

Mr. Tarwater was sentenced to time served on the same day he filed the instant petition, and the sentencing court did not impose probation. Thus, there is no indication that he is in custody, and the Court lacks jurisdiction over his petition.

In the alternative, if there are other custody-related implications that are not apparent from the face of his complaint, the Court observes that Mr. Tarwater has not raised any of these claims in a post-conviction proceeding in state court. "To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). The Court has not located any post-conviction case filed in state court related to this matter on mycase.in.gov, and given how recently Mr. Tarwater was sentenced, he would not have had time to litigate his post-conviction case through a complete round of state court review.

Thus, Mr. Tarwater has **through October 2, 2026,** to show cause why the petition should not be dismissed for lack of jurisdiction or for failure to exhaust state court remedies. If Mr. Tarwater does not respond by this deadline, this matter will be dismissed without prejudice for the foregoing reasons.

Finally, all mail sent to Mr. Tarwater has been returned. It appears that Mr. Tarwater's handwritten "S" was read as a "5". *See Tarwater v. Vigo Co. Government, et al.*, Case No. 2:25-cv-00484-JPH-MJD (showing address as 2217 S. 7th St. instead of 2217 57th St.). The **clerk is directed** to update Mr. Tarwater's address on the docket and to resend the filings at dockets [2], [3], and [4], to him at that address.

**SO ORDERED.**

Date: 9/4/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

PAT TARWATER, JR.
2217 S. 7th Street
Terre Haute, IN 47802